**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael D Berry,<br><br>    Plaintiff,<br><br>v.<br><br>Cynthia DeLaTorre Berry, et al.,<br><br>    Defendants. | No. CV-25-08097-PCT-DWL<br><br>**ORDER** |

Pending before the Court is Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 2), which the Court hereby grants. The Court will screen Plaintiff's complaint (Doc. 1) pursuant to 28 U.S.C. § 1915(e)(2)[1] before it is allowed to be served. Pursuant to this screening, the complaint is dismissed with limited leave to amend.

I.    <u>Legal Standard</u>

Under 28 U.S.C. § 1915(e)(2), a complaint is subject to dismissal if it contains claims that are "frivolous or malicious," that "fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." *Id.* Additionally, under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Although Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

---

[1] Although section 1915 largely concerns prisoner litigation, section 1915(e) applies to all in forma pauperis proceedings. *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").

*Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

The Ninth Circuit has instructed that courts must "construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)). Conclusory and vague allegations, however, will not support a cause of action. *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). A liberal interpretation may not supply essential elements of the claim that were not initially pled. *Id.*

II.    The Complaint

Plaintiff sues (1) his "estranged spouse," Cynthia DeLaTorre Berry ("Cynthia"), (2) Yavapai County Superior Court Judge Linda Wallace, who presided over the divorce proceedings between Plaintiff and Cynthia, (3) Yavapai County Superior Court Judge Patricia A. Ainley, who denied Plaintiff's order of protection petition against Cynthia, (4) Plaintiff's former attorney Scott Hergenroether, (5) Cynthia's former attorney Brittany K. Walsh, (6) another of Cynthia's attorneys, Julie LaBenz, (7) LaBenz Law PLLC, the law firm where Ms. Walsh and Ms. LaBenz practice, (8) Yavapai County Sheriff's Deputy S. McClintock, who cited Plaintiff for violating Cynthia's protective order against Plaintiff, (9) the Yavapai County Sheriff's Office ("YCSO"), (10) the Arizona Department of Child

Safety ("DCS"), (11) DCS employee Jaime Ryan, (12) DCS employee Jordan Wiley, and (13) unnamed "John and Jane Does." (Doc. 1 at 2-3.)

The complaint alleges as follows. On August 12, 2024, Cynthia filed for an order of protection against Plaintiff. (*Id.* at 4.) On October 18, 2024, Judge Wallace held a hearing, excluded some of Plaintiff's evidence, met with the attorneys in chambers several times, and issued the order of protection against Plaintiff, relying on "poorly founded" evidence. (*Id.*) After one of these in-chambers meetings, Plaintiff's then-attorney, Hergenroether, advised Plaintiff to "drop his objection" to the order of protection. (*Id.*)

On December 11, 2024, Plaintiff was cited for violating the order of protection. (*Id.*) The complaint asserts that "the protected address was never legally updated per A.R.S. § 13-3602(G)(2)" because Cynthia's attorney, Ms. Walsh, "failed to update" the address on the order of protection. (*Id.*)

At some unspecified time, Plaintiff filed for an order of protection against Cynthia, but Judge Ainley denied his petition. (*Id.*)

At some unspecified time, Plaintiff submitted several "child safety concerns" to DCS, but DCS failed to investigate the reported concerns. (*Id.* at 5.)

At some unspecified time, Plaintiff appealed the order of protection granted to Cynthia, claiming that his "court-approved evidence mysteriously went missing." (*Id.*)

Plaintiff has been separated from his children since July 24, 2024 due to protection orders and court rulings "despite clear violations by Cynthia and no findings of violence by Plaintiff." (*Id.*)

In November 2024 and again on January 13, 2025, Cynthia falsely stated to a mortgage lender that Plaintiff was deceased. (*Id.*)

Plaintiff made "good faith attempts to resolve matters" but opposing counsel did not respond favorably to his attempts, resulting in unspecified "ethical violations." (*Id.*)

Plaintiff has attempted to alter the results of the state-court proceedings by "requesting change of judge," seeking clarification of his parenting rights, and complaining to "oversight bodies." (*Id.*)

Plaintiff asks this Court to declare that his various rights were violated, vacate the state-court rulings, reassign his state-court cases to a different judge, order DCS to investigate his safety concerns, reinstate his parenting time, and permanently enjoin Defendants from retaliating against him. (*Id.* at 9.) Plaintiff also seeks $100 million in compensatory damages, plus punitive damages, costs, attorneys' fees, and any other relief the Court deems just and proper. (*Id.* at 9-10.)

III. Analysis

A. **§ 1983 Claims (Counts One, Two, Three, And Four)**

Plaintiff takes issue with how the state-court proceedings were handled and seeks, *inter alia*, orders "vacating or setting aside all rulings, orders, or judgments" entered by the state-court judges, "preventing further proceedings" before the state-court judges, and reversing the state-court judges' decisions. (Doc. 1 at 9.) But "[a] party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties." *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003). "[W]hen a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Id.* at 1156.

Furthermore, the § 1983 claims against the state-court judges in Counts One, Two, Three, and Four "clearly arise from actions taken by defendants in their judicial capacity, for which they are absolutely immune from claims for damages," and "although judicial immunity does not bar plaintiff's injunctive relief claim," injunctive relief pursuant to § 1983 is available only where "a declaratory decree was violated or declaratory relief was unavailable." *Juarez v. Santa Clara Cnty. Superior Ct. Judges*, 2009 WL 250866, *1 (N.D. Cal. 2009).

To the extent the § 1983 claims in Counts One, Two, and Three are brought against Cynthia, any of the attorney-defendants, or the law firm, such defendants did not act under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. . . . The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.") (cleaned up).

To the extent the § 1983 claims in Counts One, Two, and Three are brought against DCS and DCS employees, "DCS is a non-jural entity that cannot be sued," and DCS employees in their official capacities "are not 'persons' under § 1983." *Jimenez-Bencebi v. Arizona*, 2024 WL 2923715, *9-10 (D. Ariz. 2024). Furthermore, Counts One, Two, and Three of the complaint do not state a § 1983 claim against the DCS employees in their individual capacities. Construed with the utmost liberality, the complaint accuses individual DCS employees of failing to investigate Plaintiff's allegations of child abuse, but such a claim is not actionable under federal law. *Gini v. Las Vegas Metropolitan Police Dep't*, 40 F.3d 1041, 1045 (9th Cir. 1994) ("The police have no affirmative obligation to investigate a crime in a particular way or to protect one citizen from another even when one citizen deprives the other of liberty of property."). Although the complaint asserts that the failure to investigate was based on Plaintiff's gender, no factual allegations support this conclusory assertion. *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir.1985) ("[W]e can find no instance where the courts have recognized inadequate investigation as sufficient to state a civil rights claim unless there was another recognized constitutional right involved.").

Thus, Counts One, Two, Three, and Four are dismissed. Counts One, Three, and Four are dismissed without leave to amend. Count Two is dismissed without leave to amend as to Judge Wallace and DCS. Plaintiff is granted leave to amend Count Two as to

DCS employees Jordan Wiley and Jaime Ryan in their individual capacities.

### B. § 1985 Claim (Count Four)

Plaintiff alleges that Cynthia, her counsel, and his former counsel engaged in a conspiracy to violate his civil rights, in violation of 42 U.S.C. § 1985(2) and (3).

"Section 1985(2), in relevant part, proscribes conspiracies to 'deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified.'" *Haddle v. Garrison*, 525 U.S. 121, 124 (1998). Plaintiff has alleged no facts that support such a claim.

Section 1985(3), "also known as the Ku Klux Klan Act of 1871," which "was enacted to protect southern Black people from the violence of the vindictive Ku Klux Klan," is "split into two clauses": the "equal protection clause" and the "support-or-advocacy clause," the latter of which applies only to voter suppression. *Gaetz v. City of Riverside*, 722 F. Supp. 3d 1054, 1067-72 (C.D. Cal. 2024). The equal protection clause of § 1985(3) "requires: (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in their person or property or deprived of any right or privilege of a citizen of the United States." *Id.* at 1068-69. "A claim under this section must allege facts to support the allegation that defendants conspired together. A mere allegation of conspiracy without factual specificity is insufficient." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff has alleged no facts to support such a claim.

Count Five is dismissed with leave to amend.

### C. ADA and VAWA (Count Six)

As for Count Six, which is a claim against various defendants for violating the Americans with Disabilities Act ("ADA") and the Violence Against Women Act

("VAWA"), that claim fails for a host of reasons, including that Plaintiff lacks standing to assert his fiancée's alleged rights under those statutes. Count Six is dismissed without leave to amend.

### D. **Intentional Infliction Of Emotional Distress (Count Seven)**

Because all of Plaintiff's federal claims are subject to dismissal, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claim in Count Seven for intentional infliction of emotional distress ("IIED"). *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.").

Furthermore, to the extent Plaintiff wishes to attempt to reassert that claim in an amended complaint, it is also subject to dismissal for failure to state a claim in its current form. "The three required elements" of a claim for IIED "are: *first,* the conduct by the defendant must be 'extreme' and 'outrageous'; *second,* the defendant must either intend to cause emotional distress or recklessly disregard the near certainty that such distress will result from his conduct; and *third,* severe emotional distress must indeed occur as a result of defendant's conduct." *Ford v. Revlon, Inc.*, 734 P.2d 580, 585 (Ariz. 1987).

> The trial court must determine whether the acts complained of are sufficiently extreme and outrageous to state a claim for relief. A plaintiff must show that the defendant's acts were so outrageous in character and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Only when reasonable minds could differ in determining whether conduct is sufficiently extreme or outrageous does the issue go to the jury.

*Mintz v. Bell Atl. Sys. Leasing Int'l, Inc.*, 905 P.2d 559, 563 (Ariz. Ct. App. 1995) (cleaned up). The Court cannot conclude that the litigation conduct alleged in the complaint, including applying for and obtaining orders of protection against Plaintiff, rises to the level of extreme and outrageous. *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 747 (9th Cir. 2004) (false accusations alone not enough to constitute an IIED claim under Arizona law).

Furthermore, "a line of demarcation should be drawn between conduct likely to

1   cause mere 'emotional distress' and that causing 'severe emotional distress.'" *Midas*
2   *Muffler Shop v. Ellison*, 650 P.2d 496, 501 (Ariz. Ct. App. 1982). Plaintiff alleges "sleep
3   loss, depression, loss of reputation, and family breakdown." (Doc. 1 at 8.) This is
4   insufficient to maintain an IIED claim. *Midas Muffler*, 650 P.2d at 501 (crying and sleep
5   loss insufficient); *Bodett*, 366 F.3d at 747 (shock, stress, depression, estrangement from
6   friends and co-workers, distress of family insufficient).

7   Count Seven is dismissed with leave to amend.

8     E. **Negligent Supervision And Training (Count Eight)**

9   Count Eight is another state-law claim over which the Court declines to exercise
10  supplemental jurisdiction. Moreover, to the extent Plaintiff wishes to attempt to reassert
11  that claim in an amended complaint, it is also subject to dismissal for failure to state a claim
12  in its current form. Count Eight is only asserted against two defendants: YCSO and DCS.
13  However, YCSO "is a non-jural entity, lacking the capacity to sue and be sued." *United*
14  *States v. Maricopa, Cnty. of*, 151 F. Supp. 3d 998, 1008 (D. Ariz. 2015). And as noted,
15  DCS is also a non-jural entity that cannot be sued. *Jimenez-Bencebi*, 2024 WL 2923715
16  at *9-10.

17  Count Eight is dismissed with leave to amend.

18    F. **Deputy S. McClintock**

19  That leaves YCSO Deputy S. McClintock. As an initial matter, it does not appear
20  that Plaintiff names Deputy McClintock as a defendant in any of the counts of the
21  complaint. At any rate, the complaint alleges that Deputy McClintock cited Plaintiff for
22  violating Cynthia's protective order against Plaintiff. Plaintiff alleges that the protective
23  order was not updated under A.R.S. § 13-3602(G)(2). This statutory provision provides
24  that "if a party was granted the use and exclusive possession of the parties' residence and
25  subsequently moves out of the house, the party must file a notice in writing with the court
26  within five days after moving out of the residence," at which point the court "shall provide
27  notice to the defendant that the plaintiff has moved out of the residence and of the
28  defendant's right to request a hearing." Nothing in that statute creates liability against a

law enforcement officer who cites a person for violation of a facially valid protective order.

### G. **Leave To Amend**

The complaint must be dismissed in its entirety. As for whether leave to amend should be granted, "[d]ismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Schucker v. Rockwood*, 846 F.2d 1202, 1203-04 (9th Cir. 1988) (cleaned up).

Because it is absolutely clear that non-jural entities YCSO and DCS cannot be sued, those entities are dismissed without leave to amend. Judges Wallace and Ainley are also dismissed without leave to amend. Counts One, Three, Four, and Six are dismissed without leave to amend. Counts Five, Seven, and Eight are dismissed with leave to amend. Count Two is dismissed with leave to amend as to DCS employees Jordan Wiley and Jaime Ryan in their individual capacities only.

The amended complaint must adhere to all portions of Rule 7.1 of the Local Rules of Civil Procedure ("LRCiv"). Additionally, the amended complaint must satisfy the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. Specifically, "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *see also* Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances."). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

If the amended complaint fails to comply with the Court's instructions as provided in this Order, the action may be dismissed pursuant to 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). Given this specific guidance on pleading requirements, the Court is not

inclined to grant leave to file another amended complaint if the first amended complaint is found to be deficient. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend); *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint.").

Plaintiff is directed to become familiar with the Local Rules and the Federal Rules of Civil Procedure and is reminded that the Federal Court Self-Service Clinic provides free civil legal help to self-represented litigants. (*See* Notice to Self-Represented Litigant, Doc. 4 at 6.)

Accordingly,

**IT IS ORDERED** that:

1. The Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2) is **granted**.

2. The complaint (Doc. 1) is **dismissed** with leave to file an amended complaint, as outlined above, by **August 8, 2025**.

3. If Plaintiff fails to file an amended complaint by **August 8, 2025**, the Clerk of Court shall terminate this action and enter judgment accordingly.

Dated this 25th day of July, 2025.

Dominic W. Lanza
United States District Judge